**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SAN FRANCISCO LABOR COUNCIL, AFL–CIO, Respondent.**

**No. 72–1013.**

United States Court of Appeals, Ninth Circuit.

March 27, 1973.

---

Marjory S. Godfreed, Atty. (argued), Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter G. Nash, Gen. Counsel, NLRB, Washington, D. C., for petitioner.

Victor J. Van Bourg (argued), Michael B. Rogers, of Levy & Van Bourg, San Francisco, Cal., for respondent.

Before MERRILL, WRIGHT and KILKENNY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We are asked to enforce a Board order and must determine whether the findings of the Board are supported by substantial evidence. Respondent San Francisco Labor Council also argues that the Regional Director acted arbitrarily in refusing to accept an informal settlement agreement after the complaint was issued and asserts that enforcement should be denied on equitable considerations.

Because of a labor dispute between the United Farm Workers Organizing Committee, AFL–CIO and some California grape growers, the Executive Council of the AFL–CIO voted in May 1968 to conduct a boycott of California table grapes. Respondent Labor Council, composed of a number of affiliated local unions, undertook in concert with the AFL–CIO, Farm Workers, and other local unions an effort to influence food retailers in the San Francisco Bay area to cease selling table grapes.

Meetings were arranged between representatives of the food retailers and representatives of the Labor Council, AFL–CIO, Farm Workers, and the Retail Clerks union. The Board heard evidence that at these meetings representatives of the Labor Council told the food retailers that, if they would not cooperate by ceasing to sell California table grapes, the boycott would expand to include picketing of their stores. They were further told that the boycott might be extended to the docks and warehouses, and that it "might not be simply informational in nature." The Labor Council representatives also indicated that all unions were supporting the boycott, that they would attempt to "cut off the grapes at the source," and implied that there might be trouble on the picket lines and general harassment.

Two employers filed unfair labor practice charges against the AFL–CIO, Farm Workers, Retail Clerks, and the Labor Council. Charges were dismissed or settled informally as to all but the Labor Council and a complaint was issued against it in July 1969. The complaint alleged a violation of § 8(b)(4)(ii)(B) of the National Labor Relations Act.[1]

---

1. Section 8(b)(4)(ii)(B) of the Act provides that it shall be an unfair labor practice for a labor organization or its agents:

   (ii) to threaten, coerce or restrain any person engaged in commerce, or in an industry affecting commerce, where in either case an object thereof is—

   . . .

   (B) forcing or requiring any person to cease using, selling, transporting, or otherwise dealing in the products of any

 

 The hearings before a trial examiner did not take place until January 1971. The facts were in the main undisputed. The evidence shows that respondent did more than sympathize with the Farm Workers. Its efforts were not merely directed to inform the public or union members of the Farm Workers labor struggle. Rather, the facts disclose that respondent did "threaten and coerce" certain food retailers to induce them to cease selling California table grapes. In short, there was substantial evidence to support the Board's order.

 The Labor Council contends, however, that we should not enforce the Board's order because the Regional Director refused to accept an informal settlement agreement. Settlement of unfair labor practice charges is to be encouraged, and we note that the Board itself provides for and encourages both informal and formal settlement agreements (29 C.F.R. §§ 101.7 and 101.9). The informal settlement agreement in question here was not executed by the Labor Council until after the complaint was issued. In such cases, 29 C.F.R. § 101.9 provides that a formal settlement agreement may be approved by the Board,[2] or that an informal settlement agreement, of the type executed by respondent here, may be approved by the Regional Director at his discretion.

Here the Regional Director refused to accept the informal settlement agreement and elected to proceed to formal hearings. As the Director stated in a letter notifying the Labor Council of his decision, the charging parties had refused to enter into the settlement agreement, and his investigation in related cases indicated that the Labor Council might be continuing its § 8(b)(4) unfair labor practices. In such circumstances, we find that the Regional Director did not abuse his broad discretion in refusing to accept an informal settlement agreement.

The Board's petition for enforcement of its order is granted.

---

other producer, processor, or manufacturer, or to cease doing business with any other person . . .. Provided, That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing.

2. The regulations indicate that the Board favors a formal settlement agreement after the issuance of a complaint. The agreement executed by the Labor Council was not a formal settlement agreement, as outlined in 29 C.F.R. § 101.9(b)(1):

In such an agreement, the parties agree to waive their right to hearing and agree further that the Board may issue an order requiring the respondent to take action appropriate to the terms of the settlement. Ordinarily the formal settlement agreement also contains the respondent's consent to the Board's application for the entry of a decree by the appropriate circuit court of appeals enforcing the Board's order.